UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-11832-RGS

HUGUETTE NICOLE YOUNG

v.

MAURA HEALEY, ATTORNEY GENERAL

MEMORANDUM AND ORDER

October 9, 2020

For the reasons set forth below, the court dismisses this action pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

## BACKGROUND

On October 8, 2020, Huguette Nicole Young ("Young"), a resident of Oregon, filed a *pro se* complaint seeking declaratory and emergency injunctive relief. *See* Complaint ("Compl"), Docket No. 1. With her complaint, Young filed motions for leave to proceed *in forma pauperis*, for speedy trial and for leave to file electronically. *See* Docket Nos. 2-4.

Young alleges that she is a "law school graduate[,]" a "well-established PH.D. biochemist[,] and a "long haul commercial tractor-trailer" driver.[1] *See* Compl., at ¶ 21.  She alleges that Massachusetts' "COVID-19 Order No. 31 violates [her] First Amendment right of free speech under the United States Constitution by literally blocking [her] ability to speak audibly and clearly while wearing a face mask..." *Id.* at ¶ 2.  Young contends that "all public health emergency declarations must be done on a county by county level" and that Massachusetts' "blanket order for the entire state [ ] has no justification unless and until state health officials can show data in every county of Massachusetts results in mortality rates significantly above mortality rates for the seasonal flu." *Id.* at ¶ 13.

Young states that the violation of her rights "will most likely occur when [she] will be forced to wear a face mask at any Walmart store along I-90 in Massachusetts, which is where plaintiff has routinely shopped int he past while working in Massachusetts and which is within the jurisdiction of this court." *Id.* at ¶ 19.  Young seeks to have the court "declare COVID-19 Order No. 31 unconstitutional and issue an injunction barring defendant

---

[1] Young states that she lost her "job as a truck driver and (possibly) [her] ability to make a reasonable living indefinitely in states other than California [due to suspension of her commercial driver's license]." *See* Pl.'s *In Forma Pauperis* Motion, Docket No. 2, p. 5.

Maura Healey from enforcing this law in her capacity as attorney general of Massachusetts ..." *Id.* at ¶ 17.

## LEGAL STANDARD

"'Federal courts are of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian of Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994)). The court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. *Coates v. JP Morgan Chase Bank, NA*, No. 12-11831-RGS, 2012 WL 5398536, at *2 (D. Mass. Nov. 1, 2012); See Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

The court lacks subject-matter jurisdiction over a case when a plaintiff lacks Article III standing. "Under Article III of the Constitution, standing is a prerequisite to subject matter jurisdiction that [courts] must address, *sua sponte* if necessary, when the record reveals a colorable standing issue." *Rivera v. IRS*, 708 F. App'x 508, 513 (10th Cir. 2017). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To satisfy the case-or-controversy requirement of Article III, plaintiffs bear the burden of establishing (1) that they have

3

suffered an "injury-in-fact" that is "concrete and particularized" and "actual or imminent"; (2) that the injury is "'fairly traceable' to the actions of the defendant"; and (3) that the injury will likely be redressed by a favorable decision. *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The requirement that the complaint allege facts showing an injury that is fairly traceable to the alleged wrongful conduct requires that there " 'be a causal connection between the injury and the conduct complained of,' " rather than " 'to some third party's independent action,' " *Council of Ins. Agents & Brokers v. Juarbe-Jiménez*, 443 F.3d 103, 108 (1st Cir. 2006) (citation omitted).

Because Young seeks prospective injunctive relief, she must demonstrate that she " 'has sustained or is immediately in danger of sustaining some direct injury' ... [that] must be both 'real and immediate,' not conjectural' or 'hypothetical.' " *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (concluding that plaintiff subject to illegal arrest procedure made no showing that he was likely to be arrested and subjected to illegal procedure again).

It is not enough for Young to assert that she could be subjected in the future to the effects of an allegedly unconstitutional mandate: the prospect of harm must have an "immediacy and reality." *Boston's Children First v*

*Boston School Comm.*, 183 F. Supp. 2d 392, 394 (D. Mass. 2002) citing *Golden v. Zwickler*, 394 U.S. 103, 109 (1969). "[A] federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of [government officials] are unconstitutional." *Lyons*, 461 U.S. at 111.

Where, as here, the case is at the pleading stage, Young "bears the burden of establishing sufficient factual matter to plausibly demonstrate [her] standing to bring the action" and "[n]either conclusory assertions nor unfounded speculation can supply the necessary heft." *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 731 (1st Cir. 2016). The court liberally construes Young's complaint because she is proceeding *pro se. See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## DISCUSSION

Here, Young's allegations fail to rise to the level required to sustain Article III standing. Her purported injury is not actual or imminent, but speculative. She resides in Oregon and has no plans to travel to Massachusetts. With the combined loss of her job and commercial driver's license, it is unlikely that she will return to Massachusetts.

In addition to standing, the speculative nature of Young's allegations implicates another jurisdictional hurdle—the ripeness requirement.

"Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies.' " *Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 807–08 (2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–149 (1967)).  A claim is ripe "only if ... the issues raised are fit for judicial decision at the time the suit is filed and ... the party bringing suit will suffer hardship if court consideration is withheld." *Labor Relations Div. of Constr. Indus. of Mass., Inc. v. Healey*, 844 F.3d 318, 326 (1st Cir. 2016) (citation and internal quotation marks omitted).  Here, Young's claims are premature as she has not shown that she will suffer hardship if court consideration is withheld.

Because plaintiff fails to meet her burden to show jurisdiction, this action will be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).

ORDER

Based on the foregoing, it is hereby ORDERED

1. This action is hereby DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

2.  In view of the dismissal of this action for lack of subject jurisdiction, no action will be taken on plaintiff's pending

motions (Docket Nos. 2-4).

SO ORDERED.

 /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE