UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2o-11832-RGS

HUGUETTE NICOLE YOUNG

v.

MAURA HEALEY, Attorney General
of Massachusetts

ORDER ON MOTION FOR RECONSIDERATION

October 30, 2020

STEARNS, D. J.

On October 8, 2020, plaintiff Huguette Nicole Young, who "currently resides in Junction City, Oregon," initiated this *pro se*[1] action seeking declaratory and emergency injunctive relief to strike down Governor Baker's COVID-19-related Order No. 31 requiring people to wear masks in indoor and outdoor public places when less than six feet apart.[2] Referring to Order

---

[1] While Young identifies herself in her Complaint as a "long-haul commercial tractor-trailer driver who as carried loads into and out of all lower 48 states", she also states that she is a "law school graduate specializing in Constitutional Law." Compl. ¶ 21.

[2] The federal Judiciary's Public Access to Court Electronic Records (PACER) service shows that Young has filed similar, if not identical cases/pleadings in more than ten other federal courts. *See i.e. Young v. Marshall*, No. 20-495-JB-MU (S.D. Ala. Oct. 7, 2020); *Young v. Rutledge*, No. 20-1185-BRW (E.D. Ark. Oct. 6, 2020); *Young v. Becerra*, No. 20-05628-JD (N.D. Cal. Aug. 13, 2020); *Young v. Connors*, No. 20-425 (D. Haw.

No. 31 as a "muzzle order", Young asserts that it violates her "First Amendment right of free speech under the United States Constitution by literally blocking [her] ability to speak audibly and clearly . . . in the likely event [her] next trucking job has her passing through Massachusetts." Compl. ¶¶ 2, 20. On October 9, 2020, the court dismissed the action without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. Dkt. #6.

Young seeks reconsideration of the dismissal based on "new circumstances." Dkt. #10 at 3. In the motion and a proposed amended complaint, Young asserts new allegations – that she "is eager to relocate anywhere opportunity takes her as long as there is no mask mandate [and that this] includes Massachusetts, where plaintiff will visit before the end of October." *Id.* Young states that "she will certainly be injured by Massachusetts' face-mask mandate in the immediate future when she shops at Walmart stores in Massachusetts and while she visits with Massachusetts veterans." *Id.* Young also asserts that, while "[t]he court may be unaware of what it means to be a long-haul truck driver: A long-haul truck driver lives

---

Oct. 5, 2020); *Young v. Cameron*, No. 20-680 (W.D. Ky. October 4, 2020); *Young v. Landry*, No. 20-2730 (E.D. La. Oct. 5, 2020); *Young v. Frosh*, No. 20-2935 (D. Md. Oct. 14, 2020); *Young v. Balderas*, No. 20-789 (D.N.M. Aug. 5, 2020); *Young v. Ferguson*, No. 20-cv-00277-RMP (E.D. Wash. Aug. 10, 2020); *Young v. Kaul*, No. 20-935 (W.D. Wis. Oct. 8, 2020).

in his/her truck and resides in the entire lower 48 states. [Young] simply chooses to receive her mail, pay her state taxes and have her Commercial Drivers License (CDL) issued out of Oregon." Mot. at 1-2.

Motions for reconsideration may be brought pursuant to Fed. R. Civ. P. 59(e) or 60(b). Rule 59(e) permits a party to seek reconsideration of a court's judgment so long as the party files its "motion to alter or amend a judgment . . . no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). On the other hand, a Rule 60(b) motion "must be made within a reasonable time," and if the motion is brought under subsections (b)(1), (2) or (3), no more than a year after the entry of the judgment or order.

In asking the court to reconsider its order of dismissal, Young fails to identify which of the Federal Rules of Civil Procedure she relies upon. Because Young filed her motion to reconsider within 28 days of the dismissal of this action, the court treats it as a Rule 59(e) motion to alter or amend the judgment. Under Rule 59, "[a] motion for reconsideration will be granted only upon a showing of (1) a 'manifest error of law,' (2) new evidence, or (3) a misunderstanding or other error 'not of reasoning but apprehension.'" *Corliss v. Cummings*, 2017 WL 5178787, at \*1 (D. Mass. Nov. 8, 2017) (quoting *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008)).

Here, Young makes no assertion of an error of law or newly discovered evidence, rather she avers expected circumstances – that she intends to visit Massachusetts and will be subject to the face-mask mandate when shopping. These purported injuries as set out in either the complaint or motion for reconsideration are insufficiently imminent to have standing to bring this case. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he plaintiff must have suffered an 'injury in fact'— an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent,' not 'conjectural' or 'hypothetical." (internal citations omitted)); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) "[T]hreatened injury must be 'certainly impending' to constitute injury in fact," and "'[a]llegations of possible future injury' are not sufficient."); *Ginther v. Comm'r of Ins.*, 427 Mass. 319, 323 (1998) ("Injuries that are speculative, remote, and indirect are insufficient to confer standing.").

The plaintiff's motion for reconsideration is DENIED.

                                        SO ORDERED.

                                        /s/ Richard G. Stearns _____
                                        UNITED STATES DISTRICT JUDGE